**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JIMMY WASHINGTON JR., and DEMECIA SHONTRES WASHINGTON<br><br>Defendants | Case No.: 2:18-cr-00384-APG-EJY<br><br>**Order Granting in Part, Motion in Limine re Cross-Admissible Evidence**<br><br>[ECF Nos. 56, 64] |

Defendants Jimmy Washington and Demecia Washington have moved to sever their trials in this case. Prior to responding to that motion, the United States moves, *in limine*, for a ruling whether certain items of evidence would be admissible against each defendant in severed trials. ECF No. 56. Specifically, the United States seeks a determination that "the actions and statements of both defendants during the course of the conspiracy, including after the offense was completed, are cross-admissible." *Id.* at 2. The defendants do not oppose the United States' motion regarding evidence of acts and statements during the alleged conspiracy, although they reserve their rights to object on other grounds (e.g., marital privilege). ECF Nos. 61, 64. Thus, I will grant the motion as to those statements as unopposed.

However, the defendants oppose introduction of statements and acts made after the alleged conspiracy ended, that is, after the victim was abandoned in Las Vegas. ECF No. 6 at 3. The United States failed to attach to its motion or describe in detail the statements and evidence it hopes to admit, and I am not privy to the discovery. From the brief filed by defendant Jimmy Washington, I presume the United States seeks to admit evidence of the defendants' discussions regarding sex trafficking in general, internet searches about sex trafficking penalties, and a text

message about a sex trafficking ring involving a person named "Dennis" who was an acquaintance of defendant Demecia Washington. ECF No. 61 at 4-5.  It also appears that these communications occurred after the defendants became aware of an investigation into their activities in Hobbs, New Mexico and Odessa, Texas. *Id.* at 5.

"Statements which serve a necessary part of a conspiracy by concealing it or impeding an investigation are admissible as statements made during and in furtherance of the conspiracy." *United States v. Blakey*, 960 F.2d 996, 998 (11th Cir. 1992) (cited by *Hawkins v. Bunnell*, 16 F. App'x 656, 658 (9th Cir. 2001)).  The disputed evidence does not appear to suggest actions to conceal the conspiracy or to evade or impede an investigation.  It would not necessarily be conspiratorial for the targets of an investigation to research the penalties and elements of a crime they learned they may be charged with (or which an acquaintance may be charged with).

The statements still "may be introduced against all of the co-conspirators if the evidence tends to prove the existence of the conspiracy." *United States v. Wentz*, 456 F.2d 634, 637 (9th Cir. 1972).  But the United States has not explained how this evidence tends to prove anything more than an inference that the targets of an investigation were conducting research after being informed they were under investigation.  And based on my assumptions about the nature of this evidence, there appears to be little probative value even if it is relevant to the crimes charged, while the prejudicial effect is substantial.  Therefore, it appears that the evidence would be precluded by Federal Rule of Evidence 403.  If my assumptions about the evidence are incorrect, the United States can correct me.

I THEREFORE ORDER that defendant Demecia Washington's motion to join Jimmy Washington's response **(ECF No. 64) is granted.**

I FURTHER ORDER that the United States' motion **(ECF No. 56) is granted in part.** Subject to the United States laying appropriate foundation and addressing other evidentiary issues, the evidence of Jimmy's acts and statements throughout the conspiracy, as specified in the motion, would be admissible in Demecia's trial, and the same evidence of Demecia's acts and statements throughout the conspiracy would be admissible in Jimmy's trial. The relevant time period for that evidence ends when the victim was found in Las Vegas. I deny the motion as to statements and actions after the conspiracy ended. My denial is without prejudice to the United States identifying the specific evidence it seeks to introduce and explaining why it would be admissible despite my ruling.

DATED this 7th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE