# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DEMECIA SHONTRES WASHINGTON<br><br>Defendant | Case No.: 2:18-cr-00384-APG-EJY<br><br>**Order Denying Motion For a New Trial**<br><br>[ECF No. 145] |

Demecia Shontres Washington was convicted by a jury of seven crimes related to sex trafficking. ECF No. 141. Washington now moves for a new trial, primarily arguing that the Government's primary trial witness, victim S.E., was not credible. ECF No. 145. I deny the motion because the Government presented sufficient evidence to justify the jury's verdict.

Federal Rule of Criminal Procedure 33 allows a judge to "vacate any judgment and grant a new trial if the interest of justice so requires."

> A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal. . . . The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. . . . If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211–12 (9th Cir. 1992) (internal quotations and citations omitted). A motion for new trial should be granted only "in exceptional circumstances in which the evidence weighs heavily against the verdict." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012).

Washington contends that the credibility of the victim (S.E.) was "clearly called into question at trial." ECF No. 145 at 2. No doubt, S.E. was impeached on several bases during trial. And her story changed between the time she was first picked up by the police and the time she testified at trial. Washington's counsel pointed out the many inconsistencies during cross-examination. But key aspects of S.E.'s testimony were corroborated by other evidence, including cell tower records, Washington's email accounts connected to prostitution advertisements, photographs of S.E. found in Washington's email accounts and traced to her cell phone, and internet search results associated with Washington's email account. And Washington's credibility was also called into question on cross-examination during trial.

I do not believe that the "evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred . . . ." *Alston*, 974 F.2d at 1212. I see no basis for a new trial.

I THEREFORE ORDER that the defendant's motion for a new trial **(ECF No. 145) is denied.**

DATED this 9th day of August, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE